UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SAMANTHA CALLAHAN,<br><br>Plaintiff,<br><br>vs.<br><br>MEDICREDIT, INC.; and DOES 1 through 10, inclusive,<br><br>Defendant. | Civil Action No.:<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

## COMPLAINT

### INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff Samantha Callahan (hereinafter "Plaintiff"), an individual consumer, against defendant Medicredit, Inc. (hereinafter "Defendant") for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (hereinafter "TCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA''). The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded

messages, and delegates rule making authority to the Federal Communications Commission ("FCC").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) which states that any action to enforce liability created by the FDCPA may be brought in any appropriate United States district court. Jurisdiction of this court also arises under 28 U.S.C.§§ 1331, 1337, and 1367. Pursuant to 28 U.S.C. § 1367, jurisdiction is further proper as to Plaintiff's RFDCPA claim as it is so related to Plaintiff's TCPA claim that it forms part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff resides in this District, Defendant transacts business in this District and Defendant's collection communications were received by Plaintiffs in this District and thus, a substantial part of the events or omissions giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Samantha Callahan, is a consumer, a natural person allegedly obligated to pay any debt, who at all relevant times has resided at 650 N. Bolton Ave., Lot #33, Alexandria, LA 71301.

5. Defendant, Medicredit, Inc., is a corporation doing business in the State of Louisiana, with its corporate address at 3 City Place Drive, Suite 690, St. Louis, MO 64131. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6) and a "collection agency" by CDCPA § 12-14-103(2)(a)(I).

7. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## FACTUAL ALLEGATIONS

8. Upon information and belief, within one year prior to the filing of this complaint, Defendant called Plaintiff; seeking and demanding payment for an alleged consumer debt owed under an account number.

9. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for

personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

10.  Defendant placed a total of (10) phones calls to Plaintiff between September of 2013 and January of 2014.  All calls were made utilizing an automated dialer system.  All unanswered calls left either a pre-recorded message seeking an individual by the name of "Tiesha Cornelious," or left messages consisting of "beeps." Defendant called Plaintiff on a cellular device, at number (318) 519-7878.

11.  On September 27, 2013, Callahan received the first call from Defendant seeking to collect on an alleged debt due and owing.  The call went unanswered and the message requested an individual by the name of "Tiesha Cornelious." Plaintiff has never gone by, or been known by, the name "Tiesha Cornelious."

12.  Defendant does not have a prior business relationship with Callahan.  Callahan has not provided Defendant with any "express prior consent," neither verbal nor written.

13.  During the December 19, 2013 call, Plaintiff advised that she was not "Teisha Cornelious" and requested Defendant cease and desist with any further calls.

14.  Despite the request, Defendant proceeded to place an additional (5) calls Plaintiff, all used automated dialers and all either left a message seeking a "Tiesha Cornelious," or message consisting of "beeps."  These calls were made on December 27, 2013, December 30, 2013, January 9, 2014 and January 23, 2014.

15. Once again, as with the all the prior calls, these (5) calls were all made using an automated dialer and all left messages seeking a "Tiesha Cornelious," or message consisting of "beeps."

16. Defendant placed a total of (10) separate and distinct calls to Plaintiff seeking collection of a debt due and owing from a person identified as a "Tiesha Cornelious."

17. During the December 19, 2013 phone call, Plaintiff answered and advised that she was not "Tiesha Cornelious," and further that she requested all calls cease and desist moving forward.

18. Unfortunately, Defendant disregarded Plaintiff's request for a cease and desist while placing an additional (5) calls to Plaintiff's cellular phone.

19. At all times relevant to this action, while conducting business in Colorado, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 (TCPA Regulations), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

20. At all times relevant to this action, Defendant owned, operated and or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

21. Within four years prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone number multiple times using an artificial prerecorded voice or using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

22. Defendant never received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

23. Assuming Defendant received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1), this consent was revoked on or about December 21, 2013 when Plaintiff requested that Defendant stop calling Plaintiff.

24. Defendant called Plaintiff at Plaintiff's cellular telephone number no less than ten (10) times using an "automatic telephone dialing system" or an "artificial or prerecorded voice" after Plaintiff requested that Defendant stop calling Plaintiff.

25. Upon information and belief, at no time have Plaintiff and Defendant had an "established business relationship" as defined by 47 U.S.C. § 227(a)(2).

26. Upon information and belief, Defendant is not a tax exempt nonprofit organization.

27. Upon information and belief, within four (4) years prior to the filing of this action, Defendant willfully and/or knowingly contacted Plaintiff no less than ten (10) times at Plaintiff's cellular telephone using an "automatic telephone dialing system" or using an "artificial or prerecorded voice" in violation of the TCPA.

## FIRST CLAIM FOR RELIEF

### (Violations of the TCPA, 47 U.S.C. § 227)

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

(a) Within four (4) years prior to the filing of this action, on no less than ten (10) occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone

number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

 (b) Upon information and belief, within four (4) years prior to the filing of this action, on no less than ten (10) occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

31. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

32. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## SECOND CLAIM FOR RELIEF

### (Violations of the FDCPA, 15 U.S.C. § 1692)

 33. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

34. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    (a) Defendant violated *§1692b(2)* of the FDCPA by communicating with a person other than the consumer for the purpose of acquiring location information and stating that the consumer owes a debt; and

    (b) Defendant violated *§1692c(b)* of the FDCPA by communicating a debt to a third party without the consent of the original debtor; and

    (c) Defendant violated *§1692d(5)* of the FDCPA by causing the telephone to ring repeatedly and continuously with intent to annoy, abuse, or harass the person at the called number.

35. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

36. As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff Samantha Callahan for actual damages, statutory damages, and costs and attorney fees.

### THIRD CLAIM FOR RELIEF
### (Violations of the CFDCPA, C.R.S. § 12-14-100)

37. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

38. Defendant violated the CFDCPA. Defendant's violations include, but are not limited to, the following:

   (a) Defendant violated §§ 12-14-104(1)(b) and (c) of the CFDCPA by continuously and repeatedly contacting a person other than the consumer, and by disclosing a debt to a person not the consumer; and

   (b) Defendant violated § 12-14-106(1)(e) of the CFDCPA by causing a telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

**WHEREFORE**, Plaintiff Samantha Callahan respectfully requests that judgment be entered against Defendant Medicredit, Inc. for the following:

   A. That an order be entered declaring the Defendant's acts and omissions, as described above, in violation of the FDCPA;

   B. That an order be entered declaring the Defendant's acts and omissions in violation of the TCPA;

   C. That judgment be entered against the Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   D. That judgment be entered against the Defendant for statutory damages, in the amount of $1000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

E. That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3);

F. That judgment be entered against the Defendant for in the amount of $15,000.00 for (10), separate and distinct, willful violations of 41 U.S.C. § 227 b)(1)(A)(ii)

G. That the Court grants such other and further relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff, Samantha Callahan, demands trial by jury in this action.

DATED: April 15, 2014                    RESPECTFULLY SUBMITTED,

By: /s/ Nicholas M. Graphia
Nicholas M. Graphia (SBN 33159)
Law Office of Nicholas M. Graphia, LLC
767 Florence Street
Baton Rouge, LA 70806
Tel: (225) 366-8618
Fax: (888) 909-6892
ngraphia@nmglegal.com
*ATTORNEYS FOR PLAINTIFF*